1  Alan L. Martini   SB#77316
   SHEUERMAN, MARTINI & TABARI
2  A Professional Corporation
   1033 Willow Street
3  San Jose, CA  95125
   (408) 288-9700
4  Fax: (408) 295-9900

5  Attorneys for Plaintiff, WESTCOR RETAIL GROUP, LLC

ORIGINAL FILED

JUL 2 5 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WESTCOR RETAIL GROUP, LLC,

   Plaintiffs,

v.

PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, Does 1 - 50, inclusive,

   Defendants.

No. C07 03810

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

JURY DEMAND

Plaintiff, WESTCOR RETAIL GROUP, LLC, ("Plaintiff") for causes of action against defendant, PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, and Does 1 - 50, inclusive, alleges as follows:

**JURISDICTION**

1.  Plaintiff WESTCOR RETAIL GROUP, LLC (hereinafter "Plaintiff") is a California limited liability company duly authorized to conduct business in the State of California.

2.  Plaintiff is informed and believes and thereon alleges that defendant, PEERLESS INSURANCE COMPANY is a corporation organized and existing under the laws of the State or New Hampshire.

3.  Jurisdiction for this action is based upon diversity of citizenship.  (28 U.S.C. §

COMPLAINT                                        1

1332(2)).

4.   The amount in controversy is in excess of the sum of $75,000, exclusive of interest and costs.

## GENERAL ALLEGATIONS

5.   Plaintiff is informed and believes and thereon alleges that defendant is an insurance company who is authorized to do business as an insurance company in the state of California and at all times relevant hereto, did substantial business as an insurance company in California.

6.   Plaintiff is unaware of the names and capacities of those defendants by the fictitious names of Does 1 through 50, inclusive. Plaintiff is informed and believes that each of the fictitiously named defendants is in some way responsible or liable for the matters set forth in this Complaint. Plaintiff will amend this complaint to assert the true names and capacities as they become known.

7.   Plaintiff is, and at all times herein mentioned was, the owner of certain commercial property used as a restaurant commonly known as "Dakota Jake's" located at 933 North Main Street, Salinas, California, hereinafter referred to as "the insured premises."

8.   At all times herein mentioned, defendant was engaged in this state in the business of writing insurance policies insuring against, among other things, loss by fire, and in such policies providing for payment of the amount fixed therein in the event of loss by fire of the property described and covered by such policies, including "the insure premises."

9.   On or about December 31, 2004, in consideration of the payment to defendant of the premium of $57,559, issued a written policy of insurance No. CBP9548496, hereinafter referred to as "the policy," to plaintiff. By the terms of the policy, and in consideration of the aforesaid payment, defendant insured plaintiff for a period of one year from 12/31/2004 - 12/31/2005 against loss by fire of the property mentioned in Paragraph 5 as follows:

| COVERAGE | LIMITS OF LIABILITY |
|---|---|
| A.   Commercial building at 933 N. Main Street, Salinas, California 93906 | $701,000 |

A copy of the policy is attached hereto as **Exhibit A** and made a part hereof.

10.   On or about October 13, 2005, while the policy was in full force and effect, the above-described commercial building and personal property therein were partially destroyed and damaged by

COMPLAINT                                                                 2

fire, thereby causing plaintiff to sustain a loss in the sum of at least $567,000.00. Of this amount, defendant has paid an "uncontested" amount of $267,097.01, leaving a balance owed and unpaid of at least $299,902.99.

11. Immediately after sustaining the loss, plaintiff gave defendant written notice of the fire and loss as required under the policy.

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

12. Plaintiff repeats the averments of paragraphs 1 through 11 as though the same were recited herein at length.

13. After receipt of the notice, defendant commenced negotiations with plaintiff with reference to the loss, and these negotiations continued until defendant made the partial payment as alleged above. Defendant has failed and refused to pay plaintiff the amount of loss sustained by it as a result of the fire and within the policy limits as set forth in **Exhibit A** and continues to fail and refuse to pay to plaintiff that sum or any part of it.

14. Plaintiff has performed all of the conditions to the policy to be performed on its part. As a direct and proximate result of defendant's failure and refusal to pay plaintiff the full amount agreed by it to be paid in the event of loss by fire, plaintiff has been damaged in the sum of at least $299,902.99 for the destruction of its commercial building. The total amount of loss is still unknown and subject to being uncovered in the future and plaintiff will seek leave to amend this complaint to insert the true amount thereof when ascertained.

### SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

15. Plaintiff repeats the averments of paragraphs 1 through 14 hereof as though the same were recited herein at length.

16. Defendant insurer agreed to act in good faith and deal fairly with Plaintiff when it accepted premiums from them in exchange for providing insurance policies and the full scope of promises set forth therein. The provision is implied in every policy of insurance.

17. When defendant insurer denied coverage for the underlying claims as set forth herein, defendant insurer did so unreasonably and in bad faith.

COMPLAINT                                3

18. Said Defendant insurer continued to act unreasonably and are engaged and continue to engage in a course of conduct to further their own economic interest and in violation of their contractual and fiduciary obligations to Plaintiff, including, but not limited to:

(a) Willfully delaying the processing of Plaintiff's claims in furtherance of their own interests and to pecuniary advantage;

(b) Ignoring detailed documentation provided by plaintiffs that support coverage for Plaintiff's claims;

(c) Failing to investigate Plaintiff's claims fully, timely, fairly or adequately;

(d) Failure to provide a reasonable explanation for the delay in processing Plaintiff's claims;

(e) Unreasonable, overly restrictive interpretation of policy terms, including the deliberate misconstruction of policy terms and underlying allegations;

(f) Failing to affirmatively look for coverage and inform Plaintiff of all possible bases of coverage;

(g) Placing their own financial interests ahead of Plaintiff's;

(h) Forcing Plaintiff to incur substantial expenses including the hiring of attorneys.

19. As a proximate result of defendants' refusal to defend, as herein alleged, Plaintiff was compelled to engage counsel to defend him in the Underlying Action and to incur attorneys fees and expert consultant fees therefor in a sum exceeding $300,000 and other costs and expenses in the preparation and trial of that action.

20. As a proximate and legal result of Defendant Insurers' bad faith and unreasonable conduct, plaintiffs have sustained substantive additional damages in amounts to be determined at trial.

21. Defendant has acted toward plaintiff in a despicable manner with woeful and conscious disregard of plaintiff's rights. This has subjected plaintiff to cruel and unjust hardship, thereby constituting oppression, fraud or malice under California Civil Code section 3294 and justifying punitive and exemplary damages, in an amount to be determined at trial and sufficient to punish and set an example of defendants. Plaintiff is informed and believe and thereon alleges that defendants' acts were performed or ratified by defendant's managerial employees, who acted with knowledge that defendant's

1 | conduct would cause plaintiff harm.

2 |     WHEREFORE, Plaintiff prays that judgment as follows:

3 |     1.    For the sum of at least $299,902.99 for loss of the commercial building, plus interest thereon at the legal rate from October 13, 2005;

5 |     2.    For costs of suit herein incurred;

6 |     3.    For attorneys fees incurred in connection with defendant's unreasonable failure pay the policy benefits as due;'

8 |     4.    Punitive damages;

9 |     5.    Such other and further relief as the court deems proper.

Dated: July 25, 2007

SHEUERMAN, MARTINI & TABARI

*/s/ Alan L. Martini*
ALAN L. MARTINI
Attorney for Plaintiff

COMPLAINT      5

**DEMAND FOR JURY TRIAL**

Plaintiff, WESTCOR RETAIL GROUP, LLC, hereby demand a trial by jury.

Dated: July 25, 2007

SHEUERMAN, MARTINI & TABARI

*/s/ Alan L. Martini*

ALAN L. MARTINI
Attorney for Plaintiff