KEVIN G. McCURDY (SBN 115083)
BRONWEN LACEY (SBN 226751)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
        bronwen.lacey@mccurdylawyers.com

Attorneys for Defendant
PEERLESS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| WESTCOR RETAIL GROUP, LLC., <br><br> Plaintiff, <br><br> v. <br><br> PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: C07-03810 JF <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PEERLESS INSURANCE COMPANY'S MOTION TO COMPEL AN APPRAISAL AND STAY THE ACTION PENDING THE APPRAISAL** <br><br> Date: April 18, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br> Judge: Honorable Jeremy Fogel |

## I.    INTRODUCTION

Plaintiff Westcor Retail Group, LLP ("Westcor") filed this action to resolve a dispute between Westcor and defendant Peerless Insurance Company ("Peerless") over the cost to repair certain property damage caused by a fire. Since this action was filed, the parties have attempted to informally resolve their dispute. However, those efforts have not succeeded and therefore, Peerless demanded an appraisal of the damaged property in accordance with the insurance policy. Westcor refuses to participate in an appraisal. Accordingly, this Court should compel an appraisal of the property as required by the Peerless insurance policy and California law, and stay this action until the appraisal is complete.

27166                                     - 1 -
**Memorandum of Points and Authorities in Support of Peerless Insurance Company's
Motion to Compel Appraisal and Stay the Action Pending Appraisal**

## II. FACTS

### A. The Insurance Policy

Peerless issued policy no CBP9548496 to Westcor for the period December 31, 2004 to December 31, 2005 (the "Policy"). (Declaration of Michael Catton ("Catton Decl."), Ex. 1.) The Policy insured several buildings located at 933 N. Main Street, Salinas, CA 93906 against loss by fire. (*Id.*)

The Policy includes an appraisal provision which states:

> **E.   Loss Conditions**
>
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> \*\*\*
>
> **2.   Appraisal**
>
> If [Peerless] and [Westcor] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.   Pay its chosen appraiser; and
>
> b.   Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal we will still retain our right to deny the claim.

### B. The Fire and Resulting Lawsuit

On or about October 13, 2005, one of the Westcor's commercial buildings was partially destroyed and damaged by a fire. (Catton Decl., ¶ 3.) To date, Peerless has paid Westcor $408,332.70 for the damage and loss sustained as a result of the October 13, 2005 fire. (Catton Decl., ¶ 4.) Westcor filed this suit claiming that it sustained a loss of at least $567,000.00 and that

27166   - 2 -
Memorandum of Points and Authorities in Support of Peerless Insurance Company's
Motion to Compel Appraisal and Stay the Action Pending Appraisal

Peerless did not fully compensate Westcor for its loss under the Policy.

At the time this action was filed, there were ongoing negotiations between Westcor and Peerless regarding the appropriate amount of the loss. (Catton Decl., ¶ 5.) Those discussions have been conducted outside this litigation. (*Id.*) As part of these negotiations, the parties have exchanged correspondence regarding their views on the amount of the loss insured under Peerless' policy. (Catton Decl., ¶ 6.) Peerless' counsel has not been involved in the discussions, which involved Peerless' claims adjustor and Peerless' consultant. (Catton Decl., ¶ 5.) To date, the parties have not resolved their differences over the amount of the loss. (Catton Decl., ¶ 6.)

Despite the dispute over the amount of the loss, Westcor failed to demand an appraisal as required under the Policy before filing this action. On February 15, 2008, Westcor verbally denied Peerless' verbal demand for an appraisal. (Declaration of Kevin G. McCurdy ("McCurdy Decl."), ¶ 2.) On February 21, 2008, Peerless made a written demand for an appraisal to Westcor, but Westcor did not respond. (McCurdy Decl., ¶ 3, Ex. 1.) Westcor's denial of Peerless' appraisal demand forced Peerless to bring this motion.

### III. ARGUMENT

An agreement providing for an appraisal is considered an agreement to arbitrate, and enforced as such. California Code of Civil Procedure § 1280(a); *Kacha v. Allstate Ins. Co.* (2006) 140 Cal.App.4th 1023 (Insurance appraisal hearings are a form of arbitration and are generally subject to the rules governing arbitration.) The appraisal provision in the Policy tracks the standard fire insurance form appraisal required in all fire insurance policies by Insurance Code § 2071. Courts have consistently held the standard fire insurance form appraisal language to be an arbitration clause. *See Cheng-Canindin v. Renaissance Hotel Associates* (1996) 50 Cal.App.4th 676, 685 ("California case law recognizes that this appraisal provision is an arbitration agreement.") As such, the rules governing arbitrations apply to appraisals.

The Federal Arbitration Act authorizes a Federal court to compel arbitrations agreed to in written contracts and to stay legal proceedings involving issues that are referable to arbitration under a written agreement. *See* 9 U.S.C. §§ 3, 4. Section 3 provides that the Court, upon

27166

- 3 -

**Memorandum of Points and Authorities in Support of Peerless Insurance Company's
Motion to Compel Appraisal and Stay the Action Pending Appraisal**

application of one of the parties to a valid arbitration agreement, shall stay the action pending arbitration of the issues referable to arbitration. See *Gutierrez v. Academy Corp.* (S.D. Tex. 1997) 967 F.Supp. 945, 947 (Stay provision of section 3 is mandatory.); California Code of Civil Procedure § 1281.4 (Stay of litigation to allow arbitration proceedings is mandatory.) The Act also states that arbitration agreements are valid, irrevocable, and enforceable, unless grounds exist to revoke the contract containing the arbitration agreement. *See* 9 U.S.C. § 2.

Much like its Federal counterpart, California Code of Civil Procedure § 1281.2, provides that a court shall order parties "to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for revocation of the agreement." In addition, "California decisional law construes the word 'may' as mandatory in arbitration contracts." *Stockton Metropolitan Transit Dist. v. Amalgamated Transit Union* (1992) 132 Cal.App.3d 203, 214.

The appraisal provision in the Policy applies here because the parties dispute the amount of loss.[1] Westcor and Peerless disagree on the value of the loss Westcor sustained as a result of the October 13, 2005 fire. (Catton Decl., ¶ 6.) This difference of opinion regarding the amount of the loss falls squarely within the terms of the appraisal provision. Westcor's refusal to participate contradicts the Policy requirements and the Court should compel Westcor to submit to the appraisal.

The exceptions to the rule to enforce appraisal provisions are not applicable here. Peerless did not waive its right to an appraisal by its mere participation in the action brought by Westcor. *See Buckhorn v. St. Jude Heritage Medical Group* (2004) 121 Cal.App.4th 1401, n. 2 (A party's mere participation in litigation is not enough to preclude arbitration and a party may invoke arbitration either in its answer or by a motion to compel.) Indeed, Peerless raised the appraisal provision as an affirmative defense in its answer in this action. (McCurdy Decl., Ex. 2 at 3.)

---

[1] Arguably, the appraisal provision is a condition precedent to Westcor's initiation of this action and Westcor's failure to demand an appraisal should result in the dismissal of the case. See *Old Saucelito Land & Dry Dock Co. v. Commercial Union Assurance Co.* (1884) 66 Cal. 253; *Cox v. English-American Underwriters* (N.D.Cal.1956) 142 F.Supp. 824. However, Peerless is merely seeking to stay the action until completion of the appraisal.

27166

- 4 -

Peerless refrained from demanding an appraisal at the time this action was filed because there were ongoing negotiations between the parties to resolve the dispute over the amount of the loss. (Catton Decl., ¶ 5.) Those negotiations have been unsuccessful to date. (Catton Decl., ¶ 6.) Westcor recently indicated that it wants to commence deposition discovery. (McCurdy Decl., ¶ 4.) Given the costs associated with deposition discovery, and the lack of success on the separate negotiations, Peerless demanded the appraisal. Under these circumstances, Peerless has not waived the right to compel an appraisal. Consequently, the Court must compel Westcor's participation in the appraisal and stay the case until the appraisal has been completed.

### IV.   CONCLUSION

Westcor and Peerless agreed to an appraisal when the amount of loss covered by the Policy is disputed. Now that a disagreement has arisen, Westcor refuses, without legal justification, to comply with Peerless' appraisal demand. Consequently, this Court should compel the appraisal pursuant to the insurance policy and stay the case until the conclusion of the appraisal.

Dated: March 5, 2008

McCURDY & FULLER, LLP

By: /s/ Kevin G. McCurdy
KEVIN G. McCURDY
BRONWEN E. LACEY
Attorneys for Defendant
PEERLESS INSURANCE CO.

27166

- 5 -

**Memorandum of Points and Authorities in Support of Peerless Insurance Company's
Motion to Compel Appraisal and Stay the Action Pending Appraisal**