Alan L. Martini   SB#77316
SHEUERMAN, MARTINI & TABARI
A Professional Corporation
1033 Willow Street
San Jose, CA  95125
(408) 288-9700
Fax: (408) 295-9900

Attorneys for Plaintiff, WESTCOR RETAIL GROUP, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTCOR RETAIL GROUP, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, Does 1 - 50, inclusive,<br><br>               Defendants. | No. C 07-03810 RS<br><br>**PLAINTIFF'S OPPOSITION TO PEERLESS INSURANCE COMPANY'S MOTION TO COMPEL AN APPRAISAL AND STAY THE ACTION PENDING THE APPRAISAL**<br><br>Hearing Date: April 18, 2008<br>Time: 9:00 a.m.<br>Courtroom 3<br>Judge: Honorable Jeremy Fogel |

**I.     STATEMENT OF FACTS**

PEERLESS issued Policy No. CBP 9548496 to plaintiff, WESTCOR RETAIL GROUP, LLC ("WESTCOR") for the period December 31, 2004 to December 31, 2005 (the "policy period"). The policy insured several buildings located at 933 N. Main Street, Salinas, California 93906 against loss by fire.  (Declaration of Michael Catton) On or about October 13, 2005, one of WESTCOR's commercial buildings was partially destroyed and damaged by a fire.  Although PEERLESS has made a partial payment to WESTCOR, the parties were never able to resolve the full extent of the loss.

On July 25, 2007, over 18 months after the fire, plaintiff filed this suit for breach of insurance contract and breach of the covenant of good faith and fair dealing, invoking this court's jurisdiction under diversity of citizenship (28 U.S.C. § 1332(2)). On September 12, 2007, a stipulation and order

OPPOSITION TO MOTION TO COMPEL AN APPRAISAL        1

extending defendant's time to respond to the complaint was entered. Following declination by defendant to proceed before a U.S. Magistrate Judge, the matter was reassigned to District Judge Jeremy Fogel for all further proceedings on September 18, 2007. On October 1, 2007, defendant PEERLESS INSURANCE COMPANY filed its answer with jury demand. The parties filed their Joint Case Management Conference Statement and proposed Case Management Order on October 31, 2007, and entered a stipulation for mediation on November 7, 2007. On January 16, 2008, pursuant to stipulation of the parties, the Case Management and Trial Setting Conference was set for May 30, 2008. On January 25, 2008, plaintiff, WESTCOR, served its Initial Disclosure pursuant to FRCP 26(a)(1) on Defendant and, *inter alia*, disclosed persons that had discoverable information, including its consultant, Kenneth Hayden, Southland Construction, and representatives of WESTCOR RETAIL GROUP, including Shawn Taheri and Cheryl Batalla. Plaintiff also identified relevant documents, including communications and repair estimates. Finally, plaintiff disclosed the amount of claimed damages. (Declaration of Alan L. Martini, Exhibit A.) Subsequently, on March 28, 2008, plaintiff produced copies of all relevant non-privileged and non-confidential documents, data compilations, and tangible things to PEERLESS in further compliance with Rule 26(a).

Pursuant to stipulation, the parties participated in a day long settlement conference, presided by Judge Richard Seeborg on March 25, 2008. In light of the progress made by the parties, the court ordered a further settlement conference set for April 14, 2008. (Declaration of Alan L. Martini)

PEERLESS admits that WESTCOR has indicated its desire to commence deposition discovery and that it now wants to engage in the appraisal process to avoid the costs associated with deposition discovery.

On March 7, 2008, two and a half years after the fire loss, PEERLESS filed a motion to compel an appraisal and stay the action pending the appraisal.

**II.   PEERLESS WAIVED ANY RIGHT TO COMPEL APPRAISAL BY WAITING OVER TWO AND A HALF YEARS AND PARTICIPATING IN THE LITIGATION OF THIS CASE.**

This is a breach of contract and bad faith case against plaintiff's insurer for failure to pay in full for plaintiff's fire loss, pursuant to diversity jurisdiction. After two and a half years, defendant now seeks to compel an appraisal process in order to determine the "actual cash value" of the property

OPPOSITION TO MOTION TO COMPEL AN APPRAISAL     2

damaged, and to stay this action pending the appraisal proceeding. Appraisal proceedings of this nature are a form of arbitration subject to the rules governing arbitration. (See C.C.P. § 1280(a); *Louise Gardens of Encino Homowners Ass'n., Inc. v. Truck Ins. Exch., Inc.* (2000) 82 Cal.App.4th 648, 658.) Therefore, appraisal proceedings are subject to the rules governing contractual arbitration proceedings. (C.C.P. § 1280(a)). The proceedings are "informal"; there are no depositions, interrogatories, request for admission or other forms of civil discovery. (Insurance Code § 2071(a), 10082.3). As with other contractual rights, the right to compel arbitration may be waived, and such waiver may be asserted as a defense to a petition to compel arbitration. (C.C.P. § 1281.2(a); *Davis v. Blue Cross of No. Cal.* (1979) 25 C.3d 418, 425 - waiver may be express or implied.) A party may waive the right to compel arbitration by delay in demanding arbitration. Delay must be substantially unreasonable, and must exist despite claimant's own reasonable diligence. *Engalla v. Permanente Med. Group, Inc.* (1997) 15 C.4th 951, 863-864.

There is no single test under California law delineating the conduct that constitutes waiver of the right to arbitrate. *St. Agnes Medical Center v. Pacific Care of California* (2003) 31 Cal.4th 1187, 1195-1196. Rather, ". . . California courts have found a waiver of the right to demand to arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [citations]. The decisions likewise would hold that the 'bad faith' or 'willful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration. [citation]. *Davis v. Blue Cross of Northern Cal., supra,* 25 Cal.3d at 425-426.

In *St. Agnes*, the Supreme Court agreed that the six factors identified by the Appellate Court in *Sobremante v. Superior Court* (1998) 61 Cal.App.4th 980 are "relevant and properly considered" in assessing waiver: (1) whether the parties' actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the

OPPOSITION TO MOTION TO COMPEL AN APPRAISAL     3

proceeding; (5) "**whether important intervening steps [e.g. taking advantage of judicial discovery procedures not available in arbitration] had taken place**"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party. *St. Agnes Medical Center v. Pacific Care of California, supra,* 31 Cal.4th at 1196. (emphasis added).

The Supreme Court's decision in *Christensen v. Dewor Devs.* (1983) 33 Cal.3d 778 is on target. The court held that although the underlying construction contract contained an arbitration clause, plaintiff sued in state court to "obtain from the defendants an answer and affirmative defenses so that the plaintiffs could have some feel for what the defendants' position would be at the arbitration." After the defendants filed demurrers, the plaintiffs dismissed their complaint and filed a petition to compel arbitration. The court denied the petition on the grounds that the plaintiffs, by litigating their complaint through a demurrer for the purpose of "unilateral discovery" acted in bad faith and thereby waived the right to arbitrate. *Christensen v. Dewor Devs., supra,* 33 Cal.3d at 781. The Supreme Court affirmed stating:

> Such procedural gamesmanship provides ample support for the trial judge's conclusion that plaintiffs filed their action in bad faith, and by doing so waived their right to arbitrate. **The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.** *Ibid.* at 783-784.

The court added that any resulting burden on the judicial system was "a small price to pay for the deterrence of further abuse." *Ibid.*

Thus, PEERLESS's attempt to take advantage of the procedures not available in appraisal proceedings, including the filing of a complaint detailing plaintiff's claims, and compliance with Rule 26(a), including identification of witnesses, relevant documents, and the demand, in addition to production of relevant non-privileged documents, itself establishes waiver. As the court stated in *Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205:

> There is more prejudice in the present case than plaintiffs' mere incurring of court costs or legal expenses. The vice involved here, whether characterized as 'unreasonably delay,' 'bad faith misconduct,' 'gamesmanship' or 'unilateral discovery' (all are words mentioned in *Christensen*) is that defendants used the discovery processes of the court to gain information about plaintiffs' case which defendants could not have gained in arbitration. After obtaining discovery from plaintiffs by court processes, defendants then

OPPOSITION TO MOTION TO COMPEL AN APPRAISAL    4

1  belatedly sought to change the game to arbitration, where plaintiffs would have not equivalent discovery rights. 59 Cal.App.4th 205, at 215.

Here, defendant would not have been able to obtain discovery in the appraisal proceeding. Defendant has waived the right to compel appraisal by participating in Rule 26(a) discovery. Furthermore, defendant has waived the right to compel arbitration by participating in settlement negotiations and receiving plaintiff's formal complaint. (*See Kaneko Ford Design v. Citipark, Inc.* (1988) 202 Cal.App.3d 1220, 1228-1229 (plaintiff waived right to compel arbitration by participating in settlement negotiations and receiving the defendant's answer to the complaint) ("this type of conduct is condemned by the *Christensen* court. Prejudice accrued to Citipark from such delay in the forms of time and effort spent, legal expenses, and costs incurred, **and the disclosures of its defenses and strategies to Kaneko**.") A party's active litigation including participation in discovery and filing demurrers was inconsistent with an intent to arbitrate and constituted a waiver. *Sobremante v. Superior Court, supra*, 61 Cal.App.4th at 993.

It is unfair for PEERLESS to wait over two and a half years, and compel its insured to file and participate in this lawsuit since July 2007 and now, after receiving the complaint, Rule 26 disclosures, and participating in all day settlement conference, to now seek to compel appraisal of the loss in lieu of this lawsuit. PEERLESS's transparent effort to use this case as "convenient vestibule to the arbitration hall" to "create its own unique structure combining litigation and arbitration" (*Christensen v. Dewor Devs., supra,* 33 Cal.3d 778, 783-784) should not be countenanced. The court should find a waiver of any alleged right to compel the appraisal at this late date.

Dated:   March 28, 2008                         SHEUERMAN, MARTINI & TABARI

By:/s/ _____
    Alan L. Martini
    Attorneys for Plaintiff

OPPOSITION TO MOTION TO COMPEL AN APPRAISAL     5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO MOTION TO COMPEL AN APPRAISAL    6