Alan L. Martini  SB#77316
SHEUERMAN, MARTINI & TABARI
A Professional Corporation
1033 Willow Street
San Jose, CA  95125
(408) 288-9700
Fax: (408) 295-9900

Attorneys for Plaintiff, WESTCOR RETAIL GROUP, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTCOR RETAIL GROUP, LLC,<br><br>                    Plaintiffs,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, Does 1 - 50, inclusive,<br><br>                    Defendants. | No. C 07-03810 RS<br><br>**PLAINTIFF, WESTCOR RETAIL GROUP, LLC's INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)** |

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, plaintiff, WESTCOR RETAIL GROUP, LLC submits the following initial disclosure. This disclosure is based on the information reasonably available to plaintiff at this time. Plaintiff's investigation, trial preparation and document review continue. Accordingly, plaintiff reserves its right under the Federal Rules of Civil Procedure to supplement this disclosure should additional information become available. Plaintiff does not waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, including attorney-client privilege, work product doctrine, undue burden or any other valid objection.

A.      **Persons Likely to Have Discoverable Information [26(a)(1)(A)]**

        1.      Tom Sullivan, Young and Associates, 74478 Hwy 111, #377, Palm Desert,

California 92260.

2. Richard Reimche, Insurance Claim Services, Inc. (formerly Crawford Technical Services) 3900 Pelandale Avenue, Suite 420, PMG 360, Modesto, California 9536.

3. Kenneth Hayden, Southland Construction, 5673 West Las Positas Blvd., Suite 201, Pleasanton, California 94588.

4. Jeffrey S. Kersh, C.E., Ficcadenti Waggoner & Castle CSE, 3100 Oak Road, Suite 390, Walnut Creek, California 94597.

5. Bernie Moises, Wasson Construction, 455 Reservation Rd., Suite B, Marina, California 93933.

6. John P. Martin, Pacific Reconstruction, Inc., P.O. Box 2297, Salinas, California 93902.

7. Kevin Melvin, Comstock Foodservice Corp. dba Dakota Jake's, 907 North Main Street, Salinas, California 93906.

8. Cheryl Batalla, Homeland Management Group, 933 N. Main Street, Suite A-1, Salinas, California 93906.

9. Representatives of Wescor Retail Group, LLC, 14550 W. Oak Street, Saratoga, California 95030, including Shawn Taheri.

10. Michael Catton, Golden Eagle Insurance, c/o McCurdy & Fuller, LLP, 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025.

11. Joseph Durante, Law Office of Joseph Durante, 2258 Cottle Avenue, San Jose, California 95125.

12. Alan L. Martini, Sheuerman, Martini & Tabari, 1033 Willow Street, San Jose, California 95125.

Plaintiff reserves the right to identify additional individuals likely to have discoverable information.

**B.    Documents [26(a)(1)(B)]**

The identification of a document, data compilation or a tangible thing should not be interpreted

INITIAL DISCLOSURES                               2

as a statement by plaintiff that the identified item will be used as an exhibit at trial. Moreover, the inclusion of a document, data compilation or a tangible thing should not be interpreted as a waiver of attorney-client privilege or grounds for exclusion that may apply. Further, the absence of a document, data compilation or tangible thing from the documents identified below should not be interpreted as a statement by plaintiff that such items are not relevant and will not be used as exhibits at trial. As discovery, investigation and trial preparation progresses, plaintiff will supplement this disclosure to the extent required by the Federal Rules of Civil Procedure.

Plaintiff identifies the following documents, data compilations, and tangible things:

1. Peerless' Commercial Property Lessor's Platinum policy No. CPB 95484896 effective 12/31/04 to 12/31/05, issued to Westcor Retail Group, LLC.

2. Relevant, non-privileged and non-confidential communications between Westcor and Peerless, including repair estimates provided to Peerless.

Plaintiff reserves the right to identify and rely on additional documents whcare are discovered are brought to plaintiff's attention after the date of the disclosure. Plaintiff reserves the right to rely on documents identified in Peerless' initial disclosure and/or produced by Peerless during the course of discovery, including, but not limited to, the Peerless policy identified in the complaint.

**C.   Damages ]26(a)(1)(C)]**

Plaintiff's insured loss exceeds $708,845, less amounts paid by Peerless at this time, which amount will increase when replacement occurs.

**D.   Insurance Agreement [26(a)(1)(D)]**

Defendant has a copy of its insurance policy, and another copy will be provided to it upon request.

Dated:   January 25, 2008              SHEUERMAN, MARTINI & TABARI

By: _____
Alan L. Martini
Attorneys for Plaintiff

INITIAL DISCLOSURES                                3

CASE NAME: Westcor Retail Group, LLC v. Peerless Insurance    ACTION NO. C07-03810JF

PROOF OF SERVICE
[CCP §§ 1012.5, 1013a and 2015.5; CRC 2008]

I am a citizen of the United States. My business address is 1033 Willow Street, San Jose, CA 95125. I am employed in Santa Clara County where this service occurred. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing and facsimile. In the case of mailing [other than overnight delivery], the practice is that correspondence is deposited in the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On January 25, 2008, I served the within **PLAINTIFF, WESTCOR RETAIL GROUP, LLC's INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)** on the PARTIES in said action as follows:

Kevin G. McCurdy
Bronwen Lacey
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: 650.618.3500
Facsimile: 650.618.3599
e-mail: kevin.mccurdy@mccurdylawyers.com

__xx__ (BY MAIL) I caused a true copy of each document identified above to be placed in a sealed envelope with first-class postage affixed. Each such envelope was deposited for collection and mailing that same day in the ordinary course of business in the United States mail at San Jose, California.

_____ (BY PERSONAL SERVICE) I caused a true copy of each document identified above to be delivered by hand to the offices of each addressee above.

_____ (BY OVERNIGHT DELIVERY) I caused a true copy of each document identified above to be sealed in an envelope to be delivered to an overnight carrier with delivery fees provided for, addressed of each addressee above.

_____ (BY FACSIMILE SERVICE) I caused each of the above-named documents to be delivered by facsimile transmission to the office at each fax number noted above at __ .m., by use of facsimile machine telephone number (408) 295-9900. The facsimile machine used complied with CRC §2003(3), and no error was reported by the machine. A copy of the transmission record is attached to this declaration.

__x__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__x__ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Annamarie Obey