KEVIN G. McCURDY (SBN 115083)
BRONWEN LACEY (SBN 226751)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
bronwen.lacey@mccurdylawyers.com

Attorneys for Defendant
PEERLESS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| WESTCOR RETAIL GROUP, LLC.,<br><br>Plaintiff,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: C07-03810 JF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT PEERLESS INSURANCE COMPANY'S MOTION TO COMPEL AN APPRAISAL AND STAY THE ACTION PENDING THE APPRAISAL**<br><br>Date: April 18, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Judge: Honorable Jeremy Fogel |

## I.   INTRODUCTION

Defendant Peerless Insurance Company ("Peerless") respectfully requests that the Court grant its motion to compel an appraisal and stay this action pending the appraisal. Plaintiff Westcor Retail Group, LLP ("Westcor") argues in opposition that Peerless waived its right to an appraisal. However, Westcor cannot establish waiver. Westcor has failed to meet its burden of proof that it has been prejudiced by the few proceedings conducted so far in this litigation. Accordingly, this Court should compel an appraisal of the property as required by the Peerless insurance policy and Federal and California law, and stay this action until the appraisal is complete.

## II. ARGUMENT

As previously noted, an appraisal agreement is considered an arbitration agreement, and enforced as such. California Code of Civil Procedure § 1280(a); *Kacha v. Allstate Ins. Co.* (2006) 140 Cal.App.4th 1023 (Insurance appraisal hearings are a form of arbitration and are generally subject to the rules governing arbitration.) Westcor does not dispute the enforceability of the appraisal provision. Although a court may deny a petition to compel arbitration on the ground of waiver under Code of Civil Procedure § 1281.2(a), waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof. *Christensen v. Dewor Developments* (*Christensen*) (1983) 33 Cal.3d 778, 782. "Waiver does not occur by mere participation in litigation; there must be 'judicial *litigation* of the merits of arbitrable issues' [citation] although 'waiver could occur prior to a judgment on the merits if prejudice could be demonstrated." *Id.* at 782 (emphasis in original). Westcor clearly cannot sustain its heavy burden as there has been no litigation of the merits of any issue in this case.

The District Court articulated a similar standard in *Creative Telecommunications, Inc. v. Breeden* (D.Hawai'i 1999) 120 F.Supp.2d 1225.

> To prove that a waiver of arbitration exists, a party must demonstrate '(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.' [Citation.] The party arguing waiver 'bears a heavy burden of proof.' [Citation.] Any doubts as to waiver are resolved in favor of arbitration. [Citations.] ... Thus, to waive arbitration rights, a party must 'substantially invok[e] the litigation machinery' in such a way as to prejudice the other party. [Citations.].... If there is any ambiguity as to the scope of the waiver, the court must resolve the issue in favor of arbitration.
>
> * * *
>
> Although the waiver determination 'necessarily depends upon the facts of the particular case and is not susceptible to bright line rules,' [citation], courts usually consider the amount of litigation, the time elapsed from the commencement of litigation to the request for arbitration, and the proximity of a trial date when arbitration is sought. [Citation.] .... [¶] 'Also relevant to the waiver inquiry is the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims; whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings; the extent of its non-merits motion practice; its assent to the district court's pretrial orders; and the extent to which both parties have engaged in discovery.' *Id.* at 1232-33.

27786

- 2 -

**Memorandum of Points and Authorities in Support of Reply to Plaintiff's Opposition to Peerless Insurance Company's Motion to Compel Appraisal and Stay the Action Pending Appraisal**

Here, Peerless raised the appraisal provision as an affirmative defense in its answer, giving Westcor notice of the possibility of an appraisal at the beginning of the case. (Declaration of Kevin G. McCurdy ("McCurdy Decl."), Ex. 2 at 3.) Peerless brought this motion shortly after the ongoing negotiations between the parties to resolve the disputed amount of the loss terminated. (Declaration of Michael Catton ("Catton Decl."), ¶ 5.) Prior to filing this motion, Peerless requested that Westcor agree to an appraisal and only moved to compel upon Westcor's indication that it would not agree to an appraisal. (McCurdy Decl., ¶ 2, ¶ 3, Ex.1.)

The litigation process in this case has just begun. Peerless has brought no motions to contest Westcor's legal or factual assertions in support of its claims. (Supplemental Declaration of Kevin G. McCurdy ("McCurdy Supp. Decl."), ¶ 2.) In fact, this is the first motion in the case and no trial date has been set. No depositions have been taken. (*Id.*) Indeed, Peerless requested the appraisal as soon as Westcor indicated its intent to commence substantive deposition discovery, which Peerless also interpreted as an indication that Westcor no longer wished to pursue informal negotiations. (McCurdy Supp. Decl., ¶ 4.) The only discovery completed to date has been pursuant to Federal Rules of Civil Procedure 26(a)(1). (McCurdy Supp. Decl., ¶ 3.) The parties have not substantially invoked the 'litigation machinery' and Westcor will not be prejudiced by an appraisal.

Westcor's contention that Peerless waived its right to compel the appraisal by delaying the motion to compel in order to avail itself of the discovery process to gain a strategic advantage is unfounded. Westcor relies on *Christensen*, which involved a plaintiff who sought to compel arbitration after beginning the litigation process. The court highlighted the differences between a plaintiff and a defendant who seeks to compel arbitration, stating:

> A party who brings suit over a dispute which he has agreed to arbitrate has acted in violation of his agreement, while a defendant in such a suit has done no legal wrong. The defendant may seek a stay, or dismissal, of the action [citation] and it is normally desirable that he do so promptly if he intends to do so at all; but, given the " 'overriding ... policy favoring arbitration ... mere delay in seeking a stay of the proceedings without some resultant prejudice to a party [citation] cannot carry the day.' " *Christensen v. Dewor Developments, supra,* 33 Cal.3d at 782.

Moreover, the plaintiffs candidly admitted that they intended to use discovery in the

27786

- 3 -

litigation proceedings against the defendants in the arbitration, deliberately prejudicing the defendants. *Id.* at 784.

Similarly in *Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, the defendants exploited the litigation privileges prior to moving to compel the arbitration. Defendants conducted extensive discovery, including 1,600 pages of documents and plaintiff's 2-day videotaped deposition before demanding arbitration. The Court of Appeal denied defendants' motion to compel arbitration, since the trial court reasonably could have found that "defendants unreasonably delayed their motion to compel arbitration in order to take advantage of court discovery procedures to learn plaintiff's strategies, evidence, and witnesses and to pin plaintiff down to a particular version of the facts." *Id.* at 213.

Westcor has failed to meet its burden to show it was prejudiced by the discovery to date. Unlike the moving parties in *Christensen* and *Davis,* Peerless has not practiced gamesmanship or discovery of legal strategy that would prejudice Westcor during the appraisal process. Although the parties have engaged in discovery pursuant to Rule 26(a)(1), Peerless has not obtained any information regarding Westcor's strategies, evidence, and witnesses. Westcor's initial disclosure, served January 25, 2008, almost 2 months after the court deadline, lists verbatim the witnesses in Peerless' initial disclosure served on November 30, 2007. (Declaration of Al Martini ("Martini Decl."), ¶ 4, Ex.1 and McCurdy Supp. Decl., ¶ 3, Ex.1.) Moreover, Westcor was required to serve an initial disclosure by virtue of its filing this case, not because of any action Peerless took. The disclosure contains no new witness information; it appears to be a duplicate of the disclosure Peerless served previously.

The documents listed in Westcor's disclosure were not produced until March 31, 2008, after Peerless demanded the appraisal, after Peerless filed this motion and at the same time Westcor filed its opposition to this motion. (McCurdy Supp. Decl., ¶ 3.) Moreover, the documents included the relevant policy, which was attached as an exhibit to this motion by Peerless, and correspondence between the parties, all of which Peerless disclosed to Westcor months before. (*Id.*) The only new information contained in Westcor's initial disclosure was the

27786                                          - 4 -

**Memorandum of Points and Authorities in Support of Reply to Plaintiff's Opposition to Peerless Insurance Company's Motion to Compel Appraisal and Stay the Action Pending Appraisal**

extent of Westcor's alleged damages. However, the stated amount did not provide any indication of how Westcor calculated the sum or any additional information to Peerless. (Martini Decl., ¶ 4, Ex.1.) The discovery process to date has not disclosed Westcor's litigation strategies and it is a process initiated by Westcor's filing of the complaint in contravention of the appraisal provision.

Westcor incorrectly contends that Peerless has waived its right to compel an appraisal by "receiving" Westcor's complaint, citing *Kaneko Ford Design v. Citipark, Inc.* (1988) 202 Cal.app.3d 1220. (Opp., 5:4-6.) Peerless had no control over Westcor's decision to file this action and serve a complaint. The *Kaneko* case involved an effort by the *plaintiff* to compel arbitration after it initiated the action and obtained discovery from defendant. As discussed above in *Creative Telecommunications, supra,* there is a significant difference between a plaintiff seeking to compel arbitration after filing an action in contravention of an arbitration agreement and a defendant seeking to compel arbitration after being sued.

The argument that a defendant can waive its right to appraisal by the plaintiff filing a complaint is completely unfounded. *See Saint Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1201 ("filing of a lawsuit, without more, does not result in a waiver.") The actions of one party cannot constitute waiver by another party. *See Creative Telecommunications, Inc., supra,* 120 F.Supp.2d at 1232 (Waiver requires inconsistent acts by the party waiving the right.) Therefore, the complaint does not support Westcor's prejudice claim.

Westcor also makes a vague reference to "settlement negotiations" as a basis to find waiver, but does not explain what it means. (Opp., 5:5-6.) To the extent Westcor is referring to the discussions between the parties outside the context of this action, the reference makes no sense because the need for appraisal can only be determined after the parties discuss their opinions on the value of the loss and ultimately conclude they have a fundamental disagreement.[1] These

---

[1] Westcor disingenuously argues that Peerless waited "over two and a half years" to seek an appraisal. (Opp., 2:22-23, 5:14-15.) Westcor is referring to the date of the fire. Obviously, an appraisal would not be demanded on the date of the loss, prior to any investigation or adjustment of the claim. Westcor does not dispute that the parties have been negotiating the amount of the loss for a long period of time. (Catton Decl., ¶ 5.) Peerless has already paid over $400,000 on the loss. Indeed, Westcor waited over 21 months after the date of the fire to file this action, presumably because the loss was still being adjusted and the parties were trying to resolve their differences. Westcor also does not dispute that the parties continued their discussions after this action was filed and outside the context of this litigation. (*Id.*)

27786

- 5 -

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

1  settlement negotiations between the parties revolved around the value of the property loss and have
2  been ongoing since the date of the loss. (Catton Decl., ¶ 5.)
3        To the extent Westcor is referring to the March 25, 2008 settlement conference before
4  Magistrate Judge Seeborg, that conference was required as part of the Court's ADR process, a
5  process triggered by Westcor's filing of the complaint, not by any action taken by Peerless. Those
6  settlement discussions are privileged and cannot be used for any purpose. Moreover, Westcor has
7  known of Peerless' specific intent to enforce the appraisal provision since February 15, 2008
8  (McCurdy Decl., ¶ 2), and chose to reject the demand for appraisal and proceed with its document
9  disclosure and the settlement conference, likely to provide support for its argument of prejudice
10 asserted in the opposition. Westcor cannot create its own prejudice.
11       Furthermore, any information Peerless may have obtained from Westcor through discovery
12 and settlement negotiations would be disclosed in the appraisal. Unlike the arbitration at issue in
13 the cited cases, the appraisal process involves three appraisers determining the value of the loss
14 and the parties' witnesses and legal contentions regarding breach of contract and bad faith are
15 immaterial to the appraisal process. Westcor's extra contractual claims will not be litigated in the
16 appraisal. The relevant information for purposes of the appraisal is the repair estimates, copies of
17 which Peerless had prior to any discovery in this case. (McCurdy Supp. Decl., ¶ 3.)
18       Peerless asserted the appraisal provision in its answer in this action. (McCurdy. Decl., ¶ 6,
19 Ex. 2.) Peerless took the sensible approach and waited to see if the parties' ongoing negotiations,
20 which took place outside the context of this litigation and did not even involve Peerless' counsel,
21 could resolve this matter before invoking the appraisal provision because there is cost associated
22 with the appraisal. (Catton Decl., ¶ 5.) When Westcor indicated it wanted to commence
23 deposition discovery of Peerless' estimator, Peerless immediately demanded an appraisal,
24 specifically advising Westcor that it did not want to commence deposition discovery. (McCurdy
25 Supp. Decl., ¶ 4.) Peerless has <u>not</u> used the litigation process to gain an advantage nor have the
26 court proceedings to date resulted in prejudice to Westcor. Consequently, Peerless has not waived
27 the right to compel an appraisal and the Court must compel Westcor's participation and stay the
28

27786
- 6 -

**Memorandum of Points and Authorities in Support of Reply to Plaintiff's Opposition to Peerless Insurance Company's Motion to Compel Appraisal and Stay the Action Pending Appraisal**

1  case until the appraisal has been completed.

## III. CONCLUSION

Westcor and Peerless agreed to an appraisal when the amount of loss covered by the policy is disputed. Westcor has failed to sustain its heavy burden of showing that Peerless' participation in this action has prejudiced Westcor, resulting in a waiver of Peerless' right to an appraisal. Westcor's position here is completely at odds with the strong policy favoring enforcement of arbitration provisions. Consequently, this Court should compel the appraisal pursuant to the insurance policy and stay the case until the conclusion of the appraisal.

Dated: April 4, 2008

McCURDY & FULLER, LLP

By: /s/ Kevin G. McCurdy
KEVIN G. McCURDY
BRONWEN E. LACEY
Attorneys for Defendant
PEERLESS INSURANCE CO.

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27786

- 7 -

**Memorandum of Points and Authorities in Support of Reply to Plaintiff's Opposition to Peerless Insurance Company's Motion to Compel Appraisal and Stay the Action Pending Appraisal**