KEVIN G. McCURDY (SBN 115083)
BRONWEN LACEY (SBN 226751)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, California 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
         bronwen.lacey@mccurdylawyers.com

Attorneys for Defendant
PEERLESS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| WESTCOR RETAIL GROUP, LLC., <br><br> Plaintiff, <br><br> v. <br><br> PEERLESS INSURANCE COMPANY, a New Hampshire Corporation, DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: C07-03810 JF <br><br> **SUPPLEMENTAL DECLARATION OF KEVIN G. McCURDY IN SUPPORT OF DEFENDANT PEERLESS INSURANCE COMPANY'S MOTION TO COMPEL AN APPRAISAL AND STAY THE ACTION PENDING THE APPRAISAL** <br><br> Date: April 18, 2008 <br> Time: 9:00 a.m. <br> Courtroom: 3 <br> Judge: Honorable Jeremy Fogel |

I, Kevin G. McCurdy, declare as follows:

1.  I am an attorney licensed to practice before this Court and am a partner of McCurdy & Fuller LLP, attorneys for defendant Peerless Insurance Company ("Peerless") in this action. The statements made in this declaration are made on the basis of my own personal knowledge and I could, and would, competently testify thereto if called upon to do so.

2.  The motion to compel the appraisal is the only motion brought by Peerless in this action. No depositions have been taken or noticed.

3.  The only discovery completed to date in this case are the initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure. Attached as Exhibit 1 is a true and correct copy of Peerless' disclosure pursuant to Rule 26(a)(1). Peerless did not receive the documents listed in Westcor's disclosure until March 31, 2008 and the documents were duplicates of some of

27816
- 1 -

1  the documents disclosed by Peerless in December 2007.

2      4.    Mr. Martini, counsel for Westcor indicated that Westcor would like to begin taking depositions in this case, starting with Peerless' estimator, Tom Sullivan. Shortly thereafter, Peerless demanded an appraisal and filed this motion to compel the appraisal.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 4, 2008        _____
                                         KEVIN G. MCCURDY

McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
(650) 618-3500

27816                     - 2 -
**Supplemental Declaration of Kevin G. McCurdy in Support of Peerless Insurance Company's Motion to Compel Appraisal and Stay the Action Pending Appraisal**

**EXHIBIT 1**

KEVIN G. McCURDY (SBN 115083)
BRONWEN LACEY (SBN 226751)
McCURDY & FULLER LLP
4300 Bohannon Drive, Suite 240
Menlo Park, CA 94025
Telephone: (650) 618-3500
Facsimile: (650) 618-3599
E-mail: kevin.mccurdy@mccurdylawyers.com
          bronwen.lacey@mccurdylawyers.com

Attorneys for Defendants
PEERLESS INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTCOR RETAIL GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C07-03810 JF<br><br>**DEFENDANT PEERLESS INSURANCE COMPANY'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)** |

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, defendant Peerless Insurance Company ("Peerless") submits the following initial disclosure. This disclosure is based on the information reasonably available to Peerless at this time. Peerless' investigation, trial preparation and document review continue. Accordingly, Peerless reserves its right under the Federal Rules of Civil Procedure to supplement this disclosure should additional information become available. Peerless does not waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, including attorney-client privilege, work product doctrine, undue burden or any other valid objection.

A.   <u>Persons Likely To Have Discoverable Information [26(a)(1)(A)]</u>

   1. Tom Sullivan, Young and Associates, 74478 Hwy 111, #377, Palm Desert, California 92260.

   2. Richard Reimche, Insurance Claim Services, Inc, (formerly Crawford Technical

Services) 3900 Pelandale Ave. Suite 420, PMB 360, Modesto, California 95356.

3. Kenneth Hayden, Southland Construction, 5673 West Las Positas Blvd., Suit 201, Pleasanton, California 94588.

4. Jeffrey S. Kersh, C.E., Ficcadenti Waggoner & Castle CSE, 3100 Oak Road, Suite 390, Walnut Creek, California 94597.

5. Bernie Moises, Wasson Construction, 455 Reservation Rd. Suite B, Marina, California 93933.

6. John P. Martin, Pacific Reconstruction, Inc., P.O. Box 2297, Salinas, CA 93902.

7. Kevin Melvin, Comstock Foodservice Corp. dba Dakota Jake's, 907 North Main Street, Salinas, California, 93906.

8. Cheryl Batalla, Homeland Management Group, 933 N. Main St. Suite A-1, Salina, CA 93906.

9. Representatives of Wescor Retail Group, LLC, 14550 W. Oak St. Saratoga, California, 95030.

10. Michael Catton, Golden Eagle Insurance, c/o McCurdy & Fuller, LLP, 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025.

11. Joseph Durante, Law Office of Joseph Durante, 2258 Cottle Ave., San Jose, California 95125.

12. Al Martini, Sheuerman, Martini & Tabari, 1033 Willow Street, San Jose, California 95125

Peerless reserves the right to identify additional individuals likely to have discoverable information.

B.    Documents [26(a)(1)(B)]

The identification of a document, data compilation or a tangible thing should not be interpreted as a statement by Peerless that the identified item will be used as an exhibit at trial. Moreover, the inclusion of a document, data compilation or a tangible thing should not be interpreted as a waiver of attorney-client privilege or any other privilege or grounds for exclusion that may apply. Further, the absence of a document, data compilation or tangible thing from the

documents identified below should not be interpreted as a statement by Peerless that such items are not relevant and will not be used as exhibits at trial. As discovery, investigation and trial preparation progresses, Peerless will supplement this disclosure to the extent required by the Federal Rules of Civil Procedure.

Peerless identifies the following documents, data compilations, and tangible things:

1. Peerless' Commercial Property Lessor's Platinum policy no. CBP 9548496 effective 12/31/04 to 12/31/05, issued to Westcor Retail Group, LLC, a copy of which will be produced on or before January 14, 2008.

2. Relevant, non-privileged and non-confidential documents from Peerless' claim file, copies of which will be produced on or before January 14, 2008.

Peerless reserves the right to identify and rely on additional documents which are discovered or brought to Peerless' attention after the date of the disclosure. Peerless reserves the right to rely on documents identified in plaintiff's initial disclosure and/or produced by plaintiff during the course of discovery, including, but not limited to, the Peerless policy identified in the complaint.

C. Damages [26(a)(1)(C)]

Peerless does not currently seek any damages.

D. Insurance Agreement [26(a)(1)(D)]

See Section B., *supra*.

Dated: November 30, 2007

MCCURDY & FULLER, LLP

By _Kev A. Mc Curdy_
KEVIN G. MCCURDY
Attorneys for Defendant
PEERLESS INSURANCE CO.

# CERTIFICATE OF SERVICE
*Westcor Retail Group, LLC v. Peerless Insurance Company*
UNITED STATES DISTRICT COURT – NORTHERN DISTRICT
C07-03810 JF

I am a citizen of the United States. My business address is 4300 Bohannon Drive, Suite 240, Menlo Park, California 94025. I am employed in the county of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT PEERLESS INSURANCE COMPNAY'S INITIAL DISCLOSURE PURSUANT TO FRCP 26(a)(1)**

Addressed to the following recipients:

Alan J. Martini
Sheuerman Martini and Tabari
80 N First St
San Jose, CA 95113
Fax: (408) 295-9900
Westcor Retail Group, LLC
(*Attorney for Plaintiff*)

_____ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

_____ (BY ELECTRONIC SUBMISSION) I caused such document to be submitted electronically to the United States District Court – Northern District to be posted to the website with notice given to all parties that document was served.

__X__ (BY MAIL) I caused such envelope(s) with postage paid thereon fully prepaid, addressed to Plaintiff's counsels, to be placed in the United States mail at Menlo Park, California.

__X__ (Federal) I declare under the penalty of perjury under the laws of the United States that the above is true and correct.

Executed on November 30, 2007, at Menlo Park, California

*Danielle Torres* (signature)
Danielle Torres